## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**TOMMY RAY HIGGINS,**

            **Petitioner,**

**v.**                                   **Criminal No. 2:03cr103**
                                             **Civil No. 2:05cv208**

**UNITED STATES of AMERICA,**

            **Respondent.**

### <u>OPINION & ORDER</u>

<u>Pro se</u> Petitioner, Tommy Ray Higgins ("Petitioner"), filed this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on February 8, 2005.[1] Petitioner's Motion relies primarily on two grounds: (1) that his sentence is unconstitutional in light of the rules announced in <u>Booker</u> and <u>Blakely</u>; and, (2) that he was denied effective assistance of counsel because his attorney failed (a) to argue for a reduction of sentence under <u>Blakely</u>, which had not yet been announced, (b) to contest his sentencing pursuant to a drug quantity greater than that alleged at the indictment, and (c) to request a reduction of sentence under the safety valve of U.S.S.G. § 5C1.2.  Doc. 141.  Because Petitioner's arguments are without merit, his Motion is **DENIED** and **DISMISSED**.

---

[1]Although Petitioner's Motion was filed by the Clerk on February 10, 2005, it is deemed filed with the Court on the date that it was placed in the prison mailing system. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988) (stating the special rule for <u>pro se</u> prisoners in light of the challenges faced in ensuring that their court documents are timely filed).

Petitioner also filed a "Motion to Request Revision on Terms of Supervised Release Requirements" on July 19, 2005.  Doc. 162.  This Court will not consider modification of the terms of supervised release until such has been approved by Petitioner's Probation Officer after Petitioner has begun his term of supervised release.  Because Petitioner is still incarcerated, his Motion to modify the terms of supervised release is **DENIED** and **DISMISSED**.

## I. FACTS AND PROCEDURAL HISTORY

On December 19, 2003, Petitioner plead guilty to one count of conspiracy to distribute, to possess with intent to distribute, and to manufacture marijuana in violation of 21 U.S.C. § 846. Doc. 6.  On March 24, 2004, Petitioner was sentenced to seventy eight (82) months in prison and four (4) years of supervised release. Doc. 102.  Petitioner did not appeal his sentence.

Petitioner filed this Motion pursuant to § 2255 on February 10, 2005.  Doc. 152.  The Government filed its reply on February 9, 2005.  Doc. 177.  Petitioner did not file a rebuttal memorandum.

Petitioner also filed a "Motion to Request Revision on Terms of Supervised Release Requirements" on July 19, 2005.  Doc. 162.  The Government has not filed a reply.

## III. STANDARD OF REVIEW

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result[] in a complete miscarriage of justice."  United States v. Addonizio, 422 U.S. 178, 185 (1979).  In order to move the Court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was imposed in violation of the Constitution or laws of the United States; (2) that the Court was without jurisdiction to impose such a sentence; (3) that the sentence was in

excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255 ¶ 1.

A motion pursuant to 28 U.S.C. § 2255 "may not do service for an appeal," United States v. Frady, 456 U.S. 152, 165 (1982), and therefore § 2255 claims that should have been raised at trial, Wainwright v. Sykes, 422 U.S. 72, 97 (1977), and claims that could have been raised on direct appeal but were not, Frady, 456 U.S. at 167-68, are procedurally defaulted unless one of three exceptions applies.  The first exception is when a petitioner demonstrates "cause" for his procedural default and "actual prejudice" therefrom.  Id.  The second is when a petitioner can demonstrate his actual innocence in either a capital case, or a case in which a recidivist sentencing enhancement was applied to the petitioner.  United States v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999).  The third exception is when a petitioner brings a claim of constitutionally ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687-91 (1984).  United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Because a habeas petition is a civil action, the burden of proof is upon the petitioner to establish the allegations of his motion by a preponderance of the evidence.  Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).  The court is not required to hold an evidentiary hearing on a § 2255 petition if the record of the case conclusively shows that petitioner is not entitled to relief.  United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988); United States v. Rowland, 848 F. Supp. 639 (E.D. Va. 1994).  Nevertheless, because he has filed his Motion pro se, the Petitioner is entitled to have his petition and asserted issues construed liberally.  See Gordon v. Leeke, 574 F.2d 1147 (4th Cir.

1978).

Title 28 of the United States Code, § 2255 ¶ 6 prescribes a one-year statute of limitations period from "when the judgment of conviction becomes final," in which to attack a defendant's sentence or conviction. A judgement of conviction becomes final when the time for seeking review of the judgment expires. <u>Allen v. Hardy</u>, 478 U.S. 255, 258 (1986) ("By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed . . . ."). In a criminal case, a defendant's notice of appeal must be filed in the district court within ten days after the entry of judgment. <u>See</u> Fed R. App P. 4(b)(1)(A) & 26(a)(1)-(2). Judgment against the Petitioner was entered on March 24, 2004, giving him until April 6, 2004 to file a notice of appeal. <u>See id.</u> (filing periods of less than eleven days shall not include weekends or federal holidays). Petitioner did not appeal. Therefore, judgment became final as of April 6, 2004, and he had until April 6, 2005 to file a § 2255 Motion. Petitioner filed his § 2255 Motion on February 8, 2005, within the applicable limitations period. Petitioner's Motion is therefore timely.

IV. ANALYSIS

Petitioner alleges that he is entitled to a reduction or vacation of sentence on two primary grounds: (1) that his sentence is unconstitutional in light of the rules announced in <u>Booker</u> and <u>Blakely</u>; and (2) that he was denied effective assistance of counsel because his attorney failed (a) to argue for a reduction of sentence under <u>Blakely</u>, which had not yet been announced, (b) to contest his sentencing pursuant to a drug quantity greater than that alleged at the indictment, and (c) to request a reduction of sentence under the safety valve of U.S.S.G. § 5C1.2. Doc. 141. All of Petitioner's claims are without merit.

-4-

**A. Unconstitutional Sentence Under <u>Booker</u> and <u>Blakely</u>**

Petitioner contends that he is entitled to relief because, following the United States

Supreme Court's decisions in <u>Booker</u> and <u>Blakely</u>, his sentence under the Federal Sentencing

Guidelines is unconstitutional.  Doc. 152 at 5; <u>see</u> <u>United States v. Booker</u>, 543 U.S. 220 (2005);

<u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  Petitioner alleges that, following <u>Booker</u> and

<u>Blakely</u>, "the Petitioner may not be submitted by preponderance of the evidence standard to any

punishment unless it is submitted to the Grand Jury, alleged and read to Petitioner, [and] thus the

Petitioner must be resentenced according to information" submitted to the Grand Jury.  Dec. 141

at 5.

Petitioner's <u>Booker</u> and <u>Blakely</u> claims are not cognizable.  The Fourth Circuit has held

that <u>Booker</u> is not retroactively available to federal prisoners on collateral review.  <u>United States</u>

<u>v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005).  Similarly, any relief that Petitioner claims under

<u>Blakely</u> does not apply retroactively to Petitioner's collateral attack, which became final on

April 6, 2004.  <u>See id.</u>  Because Petitioner's case became "final" for the purposes of retroactive

analysis well before <u>Booker</u> and <u>Blakely</u> were decided, these cases do not apply to Petitioner on

collateral review.  Doc. 152; <u>see</u> <u>Booker</u>, 543 U.S. 220; <u>Blakely</u>, 542 U.S. 296.  Therefore,

Petitioner's claims are **DENIED**.

**B. Ineffective Assistance of Counsel**

*1. Standard of Review*

To succeed in establishing a claim that his Sixth Amendment right to counsel was

violated, Petitioner must show that counsel's failure was so serious that counsel's representation

was not within the range of competence demanded of other attorneys, and that but for counsel's

deficient representation, there is a reasonable probability that the result would have been different.  Strickland v. Washington, 466 U.S. 668, 686 (1984); Hill v. Lockhart, 474 U.S. 52, 56 (1985).  In order to prove that defense counsel was so deficient so as to warrant reversal of a conviction, a petitioner must satisfy the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).  Petitioner has the burden of showing that his attorney's performance was objectively unreasonable, and because of counsel's errors, Petitioner was prejudiced.

First, Petitioner must show that counsel's performance was deficient.  Id.  To do this, Petitioner must produce evidence that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Id.  As part of the inquiry, the Court must determine whether counsel's acts or omissions were "outside the wide range of professionally competent assistance."  Id. at 690.  However, there is a presumption that an attorney's performance is adequate, and a Court will not second-guess strategic decisions by counsel.  Id. at 690.

Second, Petitioner must show that the defective representation "prejudiced the [Petitioner]."  Id. at 687.  In order for Petitioner to establish prejudice under the second prong, "the [Petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The Petitioner must prove both prongs of the Strickland test, but the Court need not examine both elements of the inquiry if the Petitioner fails to make a proper showing as to one.  Id. at 697.

In making its inquiry into the reasonableness of counsel's representation, the court must be "highly deferential" to the counsel's performance.  Id. at 689.  "A fair assessment of attorney

performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Id.  The petitioner must overcome the presumption that the counsel's challenged decision  at the time "might be considered sound trial strategy."  Id. (citation omitted).  Because there are infinite ways by which to litigate a given case—"[e]ven the best criminal defense attorneys would not defend a particular client in the same way"—the court will not second-guess a chosen strategy absent unreasonable error.  Id. (citation omitted).

*2. Safety Valve*

Petitioner contends that his counsel, Gretchen Taylor, was constitutionally ineffective for failing to argue for application of the "safety valve" of U.S.S.G. § 5C1.2 to his sentence.  If counsel had argued, and the Court found, that the "safety valve" of § 5C1.2 applied to Petitioner, he would have been entitled to a two (2) level reduction.  For the safety valve to apply, the Petitioner must meet five requirements at the time of his sentencing: that Petitioner (1) does not have more than one (1) criminal history point; (2) did not use violence or credible threats of violence; (3) the offense did not result in death or serious injury; (4) Defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) it appears that the Defendant has truthfully provided the Government with all information and evidence the Defendant had concerning this offense. U.S.S.G. § 5C1.2(a).

Petitioner's counsel was not deficient for failing to argue at sentencing that Petitioner was entitled to application of the safety valve in the Sentencing Guidelines, because Petitioner did not meet the five requirements of § 5C1.2.  Petitioner was ineligible for the safety valve because he has three (3) criminal history points.  PSR at 12-14; PSR Worksheet C (Petitioner has

one (1) point for driving under the influence of alcohol under U.S.S.G. § 4A1.1(c), and two (2) points for committing the instant offense while on probation).  Because Petitioner cannot even meet the first prong of the statute, his counsel was not ineffective for failing to make an argument unsupported by the facts.  This claim is accordingly **DENIED**.

*3. Failure to Make an Argument under <u>Blakely</u>*

Petitioner contends that he was denied effective assistance of counsel because his counsel did not object to his sentence under the Sentencing Guidelines, though <u>Blakely</u> had not yet been decided.   As discussed above, <u>Blakely</u> had not been decided at the time of Petitioner's sentencing, <u>Blakely</u>, 542 U.S. 296, and <u>Blakely</u> does not apply retroactively to cases on collateral review, <u>Morris</u>, 429 F.3d at 72; therefore, for Petitioner's claim to be plausible, he would have to argue that counsel was ineffective for not making a novel argument.  This contention, too, is without merit.

The law does not require that counsel provide every conceivable argument available within the law; only that counsel in good faith "vigorously advocate the defendant's cause." <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984) (rejecting the imposition of strict guidelines on attorneys' representation in lieu of the general duties of loyalty, advocacy the defendant's cause, bringing "to bear such skill and knowledge as will render the trial a reliable adversarial testing process").  Indeed, tactical decisions made by counsel in the course of litigation need not be perfect; rather, counsel's decisions need only need be "reasonable considering all the circumstances."  <u>Id.</u>  As noted above, Petitioner's counsel made numerous arguments and objections in serving his client, and his failure to raise one novel argument cannot be construed as constitutionally-deficient representation.  Additionally, the argument Petitioner posits here

was not applied to his circumstances until <u>Blakely</u>, and as previously noted, this case does not apply to Petitioner retroactively.  Petitioner's claim is **DENIED**.

*4. Failure to Object to the Drug Quantity with which Petitioner was Sentenced*

Petitioner alleges that he was sentenced in accordance with a drug quantity greater than that included in his indictment, and that his counsel was ineffective for failing to object to the higher drug quantity.  Doc. 141 at 6. The indictment alleges that 1000 kilograms or more are attributable to Petitioner.  Doc. 5 at 2-3.  The exact amount of marijuana attributable to the Petitioner was determined by the Court in accordance with the Presentence Investigation Report ("PSR"), which attributed 1,000.7187 kilograms to Petitioner.  PSR at 10.  Petitioner's counsel objected to the drug quantities in the PSR and obtained a reduction of attributable drug weight, minus the packaging, of 999.99 kilograms.  Doc. 85 at 3.  Thus, Petitioner was sentenced in accordance with a drug quantity less than that included in his indictment, not more.[2]  Petitioner's claim is thus plainly without merit, and the Court will not hold counsel responsible for failure to assert meritless claims.  This claim is **DENIED**.

V. MOTION TO AMEND TERMS OF SUPERVISED RELEASE

Petitioner filed a "Motion to Request Revision on Terms of Supervised Release" on July 19, 2005, in which he requested that this Court restore his driving privileges so that he may drive to and from work in support of his family.  Doc. 162.  This Court will not consider modification of the terms of supervised release until such has been approved by Petitioner's Probation Officer after Petitioner has begun his term of supervised release.  Because Petitioner is still incarcerated,

---

[2]Petitioner's factual allegations as to drug quantities are difficult to follow.  The Court suspects that he possibly confused pounds with kilograms in asserting this claim.

his Motion to modify the terms of supervised release is **DENIED** and **DISMISSED**.

<h2 align="center">VI. C<small>ONCLUSION</small></h2>

Petitioner's § 2255 Motion and Motion for modification of the terms of supervised

release are hereby **DENIED** and **DISMISSED**.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Petitioner and

counsel of record for the United States.

Petitioner is **ADVISED** that he may appeal this Opinion and Order by forwarding a

written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600

Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk

within sixty (60) days from the date of this Order.  If Petitioner wishes to proceed <u>in forma</u>

<u>pauperis</u> on appeal, the application to proceed <u>in forma pauperis</u> is to be submitted to the Clerk,

United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia

23219.

It is so **ORDERED**.


                                          _____/s/_____
                                          HENRY COKE MORGAN, JR.
                                          UNITED STATES SENIOR DISTRICT JUDGE

.
Norfolk, Virginia
October 18, 2006